**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRET D. LANDRITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 11-2465-KHV/GLR** |
| **JOHN C. GARIGLIETTI and** ) | |
| **CAROL G. GREEN,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff, a former lawyer who was disbarred in 2005, brings suit pro se against John C. Gariglietti, Chief Judge of the Eleventh Judicial District of Kansas, and Carol G. Green, Clerk of the Kansas Supreme Court, in their official capacities. Judge Gariglietti presided over plaintiff's divorce proceedings in the District Court of Crawford County, Kansas; the complaint alleges that he violated plaintiff's Fourteenth Amendment rights to due process and equal protection "by not requiring parties seeking to enforce monetary judgments to respond to [his] affirmative defense and proffer of evidence that [the court did not have] in personam jurisdiction." Plaintiff's Complaint For Injunctive Relief Under The Fourteenth Amendment (Doc. #1) filed August 17, 2011 at 10. As to Green, the complaint alleges that she denied plaintiff's Fourteenth Amendment rights "by not docketing or assigning case numbers to appeals and original actions [plaintiff] submitted to her office." Id. The complaint seeks only injunctive relief. This matter comes before the Court on Defendants' Motion For 28 U.S.C. § 1915(e) Review Of Complaint (Doc. #14) filed October 21, 2011; Plaintiff's Motion To Strike Defendants' Motion For A Second § 1915(e)(2) Review Under FRCP 12(f) (Doc. #15) filed October 24, 2011; and plaintiff's Motion For Order Of Default Judgment For Injunction (Doc. #21) filed December 15, 2011, which the Court construes as a motion

for entry of default. For the following reasons, the Court overrules plaintiff's motions and sustains defendants' motion.

## **Analysis**

Even though plaintiff is a lawyer, because he is disbarred and proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers who are admitted to practice in this court. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for a pro se litigant. Id. Indeed, because plaintiff proceeds in forma pauperis, the Court has a duty to review the complaint and dismiss it if at any time the Court determines that the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The purpose of Section 1915(e) is to prevent abusive or capricious litigation, so the Court may dismiss a complaint sua sponte under Section 1915(e) if it appears malicious or frivolous on its face. Hall, 935 F.2d at 1108; Harris v. Campbell, 804 F. Supp. 153, 155 (D. Kan. 1992).

**I.     Plaintiff's Motion To Strike**

Rule 12(f), Fed. R. Civ. P., governs motions to strike. It provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking material from a pleading is a disfavored remedy, Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998), and the Court should decline to do so unless the material (1) has no possible relation to the controversy and (2) may prejudice one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1022, 1029 (D. Kan. 2006). Any doubt as to the utility of the material to be stricken should be resolved against the

motion to strike. Nwakpuda, 14 F. Supp.2d at 1215. The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. Stubbs v. McDonald's Corp., 224 F.R.D. 668, 676 (D. Kan. 2004).

Plaintiff moves to strike defendants' motion for review of the complaint under 28 U.S.C. § 1915(e). He contends that Section 1915(e) requires the Court to review a complaint before directing the U.S. Marshals to effectuate service of process and that Magistrate Judge Gerald L. Rushfelt already found the complaint adequate to satisfy Section 1915(e)(2)(B). See 28 U.S.C. § 1915(d). Judge Rushfelt, however, has made no such finding. See Order Granting Leave To Proceed In Forma Pauperis (Doc. #11); Order (Doc. #12); Order (Doc. #13) all filed October 18, 2011. And while courts may ordinarily review cases under Section 1915(e) before directing service of process, the statute does not require them to do so. Unlike Section 1915A, Section 1915(e)(2) does not impose a duty to screen or review "before docketing" or "as soon as practicable." 28 U.S.C. § 1915A. Instead, Section 1915(e)(2) states that "the court shall dismiss the case at any time if the court determines that" it is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2) (emphasis added). Because plaintiff has not shown that defendants' motion is redundant, immaterial, impertinent or scandalous, the Court overrules his motion to strike.

Plaintiffs' motion also argues that his complaint is not frivolous or malicious. This argument, however, does not pertain to plaintiff's motion to strike, i.e. whether defendant's motion is redundant, immaterial, impertinent or scandalous. See Fed. R. Civ. P. 12(f). It is instead a

response to defendants' motion and the Court will treat it as such.[1]

## II.  Plaintiff's Motion For Default Judgment

Rule 55, Fed. R. Civ. P., which governs default judgments in federal court, provides a two-step process for obtaining default judgment. Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at * 1 (10th Cir. June 20, 1995). First, the moving party must ask the clerk to enter default against the opposing party for failing to timely plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, following an entry of default by the clerk, the moving party may apply to the court for default judgment. Fed. R. Civ. P. 55(b). Neither the Clerk nor the Court has entered default against defendants. Because plaintiff cannot proceed directly to default judgment, the Court construes his motion as one for entry of default rather than one for default judgment. See Life Ins. Co. of N. Am. v. Jenkins–Dyer, No. 08-2129-KHV, 2009 WL 297481, at *3 (D. Kan. Feb. 6, 2009). Whether to direct the clerk to enter default based on plaintiff's premature motion for default judgment is within the sound discretion of the Court. Evertson v. Topeka Ass'n for Retarded Citizens, No. 05-4046-SAC, 2005 WL 1799256 at *1 (D. Kan. June 30, 2005) (citing Ramada Franchise Sys., Inc. v. Baroda Enters., 220 F.R.D. 303, 305 (N.D. Ohio 2004)).

Under Rule 55(a), entry of default is appropriate only if a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Here, defendants have defended plaintiffs' suit by filing a motion for review under Section 1915(e).

---

[1]  Even though plaintiff's motion to strike is essentially a response to defendants' motion, it expressly tries to reserve plaintiff's right to file a response to defendants' motion. To date, plaintiff has not filed a formal response to defendants' motion. Because the Court treats the bulk of plaintiff's motion to strike as a response to defendants' motion, and because the Court must review plaintiff's complaint under Section 1915(e) and may dismiss it sua sponte, the fact that plaintiff has not filed a formal response to defendants' motion does not prevent the Court from deciding it.

Plaintiff argues that such motion does not constitute "otherwise defending" for purposes of Rule 55 because it is not one of the motions listed in Rule 12(b), which must be made before a responsive pleading and which extend the time for filing a responsive pleading. See Fed. R. Civ. P. 12(a)(4), (b). The Court disagrees.

First, defendants' motion for review of the complaint under Section 1915(e) is effectively a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, which indisputably would constitute defense of the suit under Rule 55. Second, plaintiff offers no support for his narrow reading of the phrase "otherwise defend" in Rule 55, and the Tenth Circuit has rejected similar arguments. See Hise v. Philip Morris Inc., 208 F.3d 226 (Table), 2000 WL 192892, at *3 (10th Cir. Feb. 17, 2000) (filing summary judgment motion constitutes "otherwise defending" even though not included as defense in Rule 12(b)). Third, the entry of default and default judgment are harsh sanctions. Ruplinger v. Rains, 946 F.2d 731, 733 (10th Cir. 1991). For these reasons the Court overrules plaintiff's motion for default judgment, which the Court construes as a motion for entry of default.

**III.   Defendants' Motion For Review Of Complaint Under Section 1915(e)**

As noted above, when a plaintiff proceeds in forma pauperis, the Court must review the complaint and dismiss it at any time if the Court determines that the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court has discretion to dismiss a complaint under Section 1915(e)(2) if it is clearly frivolous or malicious on its face. Hall, 935 F.2d at 1108.

In determining whether dismissal of a pro se plaintiff's complaint is appropriate under

Section 1915(e)(2)(B), the Court liberally construes the complaint and analyzes it under the same sufficiency standard as Rule 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). The Court therefore accepts as true all well-pleaded facts and draws all reasonable inferences in favor of plaintiff to decide whether they plausibly entitle plaintiff to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To be facially plausible, the complaint must contain factual content from which the Court can reasonably infer that defendants are liable for the misconduct which plaintiff alleges. Id. at 1949. The degree of specificity required to establish plausibility is context-specific because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008). The Court draws on its judicial experience and common sense to determine whether a complaint states a plausible claim for relief. Iqbal, 129 S. Ct. at 1950.

The Court finds that plaintiff's complaint is frivolous and does not state a claim on which relief may be granted. Though basically comprehensible, plaintiff's complaint is far from clear. It alleges that Judge Gariglietti violated plaintiff's Fourteenth Amendment rights to due process and equal protection by denying plaintiff custody of his child without a hearing and by issuing a divorce decree without jurisdiction over plaintiff. Plaintiff's attempt to collaterally attack a state court decision is without merit. See Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (plaintiff seeking injunctive and mandamus relief against state court judges in official capacities barred by Rooker-Feldman and because federal courts have no authority to direct state courts or judicial officers in performance of their duties); King v. Keller, No. 06-4001-SAC, 2006 WL 1517765, at *9 (D. Kan. May 30, 2006) (complaint seeking to undo state-court custody determination barred by Rooker-Feldman).

With respect to Green, the complaint alleges that she too violated plaintiff's Fourteenth Amendment rights to due process and equal protection by not docketing or assigning case numbers to appeals and original mandamus actions that plaintiff submitted to Green's office in his capacity as appellate counsel for clients. The complaint does not allege, however, that he properly filed the appeals in question or that Green had a duty to docket plaintiff's filings. To the contrary, the deposition of Jason Oldham, which plaintiff attached to his complaint, indicates that plaintiff had a long history of filing appellate briefs that did not comply with the Kansas rules of appellate procedure. Having considered the well-pleaded facts alleged in the complaint, and having drawn all reasonable inferences in favor of plaintiff, the Court finds that the complaint does not plausibly state a claim on which relief may be granted. The Court therefore sustains defendants' motion for review under Section 1915(e)(2) and dismisses plaintiff's complaint. See Knox, 632 F.3d at 1292.

On December 20, 2011, plaintiff e-mailed the undersigned judge's chambers requesting a hearing on his motion to strike. He has not filed a motion for hearing. Regardless, under D. Kan. Rule 7.2, the Court "ordinarily will resolve motions on the parties' written briefs or memoranda," and oral argument is not necessary in this case.

**IT IS THEREFORE ORDERED** that Defendants' Motion For 28 U.S.C. § 1915(e) Review Of Complaint (Doc. #14) filed October 21, 2011, be and hereby is **SUSTAINED**. Under 28 U.S.C. § 1915(e)(2), the Court hereby dismisses plaintiff's complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Strike Defendants' Motion For A Second § 1915(e)(2) Review Under FRCP 12(f) (Doc. #15) filed October 24, 2011, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Order Of Default Judgment For

Injunction (Doc. #21) filed December 15, 2011, which the Court construes as a motion for entry of default, be and hereby is **OVERRULED**.

Dated this 19th day of January, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge